IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| OREALIUS S NELSON, ) | Civil Action No. 4:08-00209-GRA-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| PRISON HEALTH SERVICES, ) | |
| DR. PEINNING, CHARLESTON ) | |
| COUNTY DETENTION CENTER, ) | |
| SHERIFF AL J CANNON ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### I. PROCEDURAL BACKGROUND

The plaintiff, Orealius Nelson ("plaintiff"), filed this action under 42 U.S.C. § 1983 on January 23, 2008. Plaintiff alleges that his constitutional rights were violated by defendants. Defendants Charleston County Detention Center and Sheriff Cannon filed a motion to dismiss for lack of prosecution on March 11, 2008. Because plaintiff is proceeding pro se, he was advised on or about March 12, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion to dismiss could result in the dismissal of his complaint. The *Roseboro* Order was returned to the Clerk of Court's office via United States Postal Service on March 20, 2008, marked "Return to Sender" (Document #30).

#### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is

required to consider four factors:

    (1)    the degree of plaintiff's responsibility in failing to respond;

    (2)    the amount of prejudice to the defendant;

    (3)    the history of the plaintiff in proceeding in a dilatory manner; and,

    (4)    the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion to dismiss for lack of prosecution, or the court's Orders requiring him to respond. Further, the *Roseboro* Order was returned to the Clerk of Court's office via United States Postal Service as undeliverable. (Document #30). Additionally, the court's Scheduling Order of February 28, 2008, was returned to the Clerk of Court's office via United States Postal Service on March 4, 2008, marked "Return to Sender." (Document # 26). Plaintiff has not provided the court with an updated address as required by the Order of January 25, 2008. (Document #6). The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II. CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant

to Fed. R. Civ. Proc. 41(b).

                                    Respectfully submitted,

                                    s/Thomas E. Rogers, III
                                    Thomas E. Rogers, III
                                    United States Magistrate Judge

April 16, 2008
Florence, South Carolina

    **The parties' attention is directed to the important information on the attached notice.**