UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Orealius S. Nelson, | ) | C/A No.: 4:08-cv-209-GRA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Prison Health Services; Dr. Peinning; | ) | |
| Charleston County Detention Center; and | ) | |
| Sheriff Al J. Cannon, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed April 16, 2008. The magistrate recommends dismissing this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Plaintiff filed objections on May 8, 2008. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed timely objections.

Plaintiff objects that, due to an accidental, three-week release from custody, Plaintiff did not receive the defendants' motion to dismiss or the magistrate's Report and Recommendation until early May. He further argues that he could not notify the Court of a change in address during his three-week hiatus because he did not have an address. However, Plaintiff did not even attempt to notify the clerk of court that he had been released. Neither did the plaintiff attempt to notify the clerk of court that he had been re-incarcerated. On January 25, 2008, the Court ordered the plaintiff to notify the clerk of *any* address change, "for any reason." Plaintiff failed to abide by this order. Plaintiff's objections make it clear that he did not even attempt to follow this order; therefore, this objection is without merit.

After a thorough review of the magistrate's Report and Recommendation, the plaintiff's objections, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the plaintiff's complaint be dismissed *without prejudice* for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

May 13, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**